**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| LAUREL LODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-204 |
| | ) | |
| PETER JUDSON, and | ) | |
| BERNICE JUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Defendants Peter Judson and Bernice Judson, proceeding *pro se*, have filed a Notice of Removal. Doc. 1. They seek to remove a dispossessory action from the Magistrate Court of Chatham County, Georgia. *See id.* at 1. They also seek to proceed *in forma pauperis*. Doc. 2. As Defendants have failed to establish this Court's subject-matter jurisdiction, this case should be **REMANDED**. 28 U.S.C. § 1447(c).

First, the Court is skeptical, to say the least, that Defendants' application for leave to proceed *in forma pauperis* is sufficient. It appears to have been signed only by Peter Judson. Doc. 2. Joint parties are, generally, not permitted to file a single application to proceed *in forma pauperis*. *See, e.g., Howell v. Manitowoc Cnty. DHS*, 2020 WL 7496394,

at *1 (E.D. Wis. Dec. 21, 2020). Even if that were not disqualifying, the Motion also discloses that Peter Judson has an income of $2,600 per month, *id.* at 1-2, and monthly expenses of $1,905, *id.* at 4-5. The indication that Peter Judson has approximately $695 in discretionary monthly income might also preclude authorization to proceed *in forma pauperis*. The Court might demand that the omitted information be provided. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-47 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013). However, it is clear that Defendants' attempt to remove this case is fatally defective. Accordingly, for jurisdictional purposes only, Peter Judson's request to pursue this case *in forma pauperis* is **GRANTED**. Doc. 2.

Under 28 U.S.C § 1441, a defendant may remove an action filed in state court to federal court if the action could have originally been brought in federal court. A removing defendant has the burden to establish federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. General*

*Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). This Court's jurisdiction may be established either based on the diverse citizenship of the parties, *see, e.g.,* 28 U.S.C. § 1332, or because the removed action presents a federal question, *see, e.g.,* 28 U.S.C. § 1331. The removing defendants have failed to adequately establish this Court's jurisdiction under either theory.

The Notice of Removal asserts that the dispossessory action is removable because "Defendants assert defenses and counterclaims arising under federal law . . . ." Doc. 1 at 2. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Given the subject matter of the underlying suit, it is clear that federal question jurisdiction does not exist. As the United States District Court for the Northern District of Georgia has observed, "[s]imply put, because landlord-tenant disputes are matters of state law,

an action for eviction cannot be the basis of federal question jurisdiction." *2018-4 IH Borrower LP v. Miller*, 2022 WL 2388730, at *2 (N.D. Ga. Apr. 18, 2022) (internal quotations, alteration, and citation omitted). Neither affirmative defenses nor counterclaims can establish federal question jurisdiction. *See, e.g., Cornerstone Residential Mgmt., LLC v. Smith*, 2025 WL 2167237, at *3 (S.D. Ga. June 25, 2025). There is nothing in the actual Complaint, filed in the Magistrate Court, that implicates federal law. Doc. 1-2 at 1.

Because Defendants have not met their burden of establishing federal jurisdiction, this case should be **REMANDED** to the Magistrate Court of Chatham County, Georgia. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 4th day of August, 2026.

Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA